FILED
SUPERIOR COURT
OF GUAM

2013 MAY -3 AM 9: 31

CLERK OF COURT
BY:____

## IN THE SUPERIOR COURT
## OF GUAM

BERNICE VELASCO PEREDO,      )     Domestic Case no. DM 0873-11

               Plaintiff,     )

    v.                           )     **FINDINGS OF FACT and**

VICENTE KAWAMOTO PEREDO,     )     **CONCLUSIONS OF LAW**

               Defendant.    )

### INTRODUCTION

This matter came before the Honorable Judge Michael J. Bordallo for a bench trial on October 29, 2012. The Plaintiff was represented by Matthew E. Wolff. The Defendant appeared pro se. Having considered the witnesses' testimony and the evidence presented, the Court hereby makes the following findings of fact and conclusions of law:[1]

Plaintiff filed a Complaint for Divorce on December 27, 2011. On January 20, 2012, Defendant filed an Answer. The issue before the Court is the value of the car.

### FINDINGS OF FACT

1. The parties were married on April 17, 2003;

2. There are no minor children of the marriage;

3. The parties separated on or about May 2010;

4. The Complaint filed on December 27, 2011 sought for divorce based on irreconcilable difference;

5. The community property of the parties is comprised of a 2006 Nissan Sentra;

6. The parties do not have community debts;

7. No reconciliation is possible between the parties.

## CONCLUSIONS OF LAW

This Court has jurisdiction over this matter pursuant to 7 G.C.A. §3105 and 19 G.C.A. §§ 8201, 8318-19.

The Defendant has consented to all matters in the complaint except the value of the Nissan Sentra. Thus, the only issue before the Court is distribution of community property. Plaintiff submitted a declaration re: community property on December 21, 2012. Defendant did not file any supporting documents; therefore the Court will base its decision on Plaintiffs declaration. Plaintiff requests for Defendant to reimburse her for her share of the community property equity plus half of the insurance costs she paid for the forty-two (42) months of marriage. Plaintiff submits insurance costs amounted to Seventy-Five ($75) dollars per month. The Court finds that payments made during the marriage were to benefit the community and thus the Plaintiff is not entitled to reimbursement for any amounts paid during that period.

Next, the Court will discuss the value of the 2006 Nissan Sentra. Both parties purchased a 2006 previously-owned Nissan Sentra. During the marriage, both parties agreed on the purchase of the car at the total purchase price of Fifteen Thousand Seven Hundred Twenty Dollars ($15,720.00). Plaintiff submits other than the initial payment, she made car payments between January 2007 through June 2010, at Two Hundred Sixty Two Dollars ($262.00) per month for a total of forty-two (42) months. Plaintiff seeks reimbursement for one half of the payments made. The Court disagrees and finds, as stated above, the Plaintiff is not entitled to any reimbursement for payments made during the marriage.

---

[1] To the extent that a finding of fact should be deemed a conclusion of law, or a conclusion of law deemed a finding of fact, it shall so be considered.

At the time of separation, Four Thousand Seven Hundred and Sixteen Dollars ($4,716.00) was still owed for the car. Defendant testified that he sold the car to his first cousin who paid the remaining amount owed. Plaintiff is entitled to one-half of the total value of the car less the remaining debt at the time of separation of Four Thousand Seven Hundred Sixteen Dollars ($4,716.00). No documentation has been provided as to the value of the car. The Court finds Plaintiff's calculation regarding the value is misplaced. Plaintiff asserts the value is the difference between the payments made during marriage and the balance of the debt for a sum of approximately $6000. The parties were given an opportunity to submit proof on the value and to date none has been submitted. The Court will assign a value to the vehicle at the time of separation of $9000. The plaintiff is therefor entitled to one half of the equity or $9000-$4716=$4284/2=$2142.

## CONCLUSION

Based on the foregoing, the Court finds Plaintiff is entitled to a divorce on the grounds stated in her complaint. The parties have agreed to all matters except Plaintiff's interest in the vehicle. The Court awards the plaintiff the sum of $2142 for her share of her interest in the car. Plaintiff is ordered to prepare the interlocutory decree and final decree setting for the Court's judgment.

SO ORDERED, this 3rd day of May 2013.

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

Page 3 of 3